### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSEANN BILLINGER, Duly Appointed Conservatrix of Duane Conger; and DUANE CONGER, Individually,, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HAROLD WEINHOLD and LEANN WEINHOLD,, )<br><br>Defendants. ) | **CIVIL ACTION**<br><br>No.  11-1075-MLB |

ROSEANN BILLINGER, Duly
Appointed Conservatrix of
Duane Conger;
and
DUANE CONGER, Individually,,    )
                                )
                  Plaintiffs,   )     **CIVIL ACTION**
                                )
v.                              )     No.  11-1075-MLB
                                )
HAROLD WEINHOLD and             )
LEANN WEINHOLD,,                )
                                )
                  Defendants.   )
_____ )

### MEMORANDUM AND ORDER

A person under a legal disability may toll the statute of limitations on an action for the recovery of real property, as well as an action in tort.  The statute of repose applies a twenty-three year limit on property claims, and an eight year maximum on tort claims.  Conger deeded his land to the Weinholds in 1991, including the oil and mineral interests.  Conger now claims the transfer was a result of fraud and seeks to void the deed.  Finding that the statute of limitations bars the claims, the Defendant's Motion to Dismiss (Doc. 12 ) is granted.

I.  Facts

On August 30, 1991 in Pawnee County, Kansas, Duane Conger deeded a section of land located in Rooks County, Kansas to Harold and Leann Weinhold.  The deed was subscribed by Conger and his wife, Hazel Conger.  On March 11, 2009, the Ellis County, Kansas, District Court appointed a conservator for Conger.  The temporary conservatrix was

replaced by Roseann Billinger[1].

The complaint alleges in conclusory fashion that Conger was mentally, psychologically and psychiatrically incapacitated at the time the deed was signed, was unable to conduct his own personal and business affairs or comprehend the effect of signing the deed, and that Defendants were aware of Conger's disability. The complaint further alleges, likewise in conclusory fashion, that Conger's wife acted as an agent of Defendants in procuring his signature on the deed. The complaint requests recovery of the property, and monetary recovery of royalties paid over the past twenty years.

II.  Standard

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 789 (2007). Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). In a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff to determine whether the statute of limitations has been met. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).

---

[1] It is unclear why Duane Conger is a named plaintiff in view of the allegations that he "...never did and never has mentally, psychologically and pychiatrically recovered from the brain injury set forth above." (Doc. 1, ¶¶ 6 and 17).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 1974.

III.  <u>Motion to Dismiss</u>

Defendants request dismissal of the claims under a number of different legal theories. First, Defendants argue that the claims are barred by the statute of repose under either the fraud statute of limitations or the disability statute of limitations. Second, Defendants contend that the complaint fails to allege sufficient facts for the court to find that Conger was under a legal disability. Third, Defendants argue that the complaint does not plead the fraud claim with any particularity, and the complaint does not state a claim for fraudulent misrepresentation, negligent misrepresentation, or conversion. Finally, Defendants assert that the complaint fails to allege facts to support an agency relationship between Defendants and Conger's wife.

Plaintiffs respond that a twenty-three year statute of

limitations applies to any action based on real property and that Kansas Courts have ruled that a deed executed by a person under a legal disability to a person with knowledge of the disability is void.

IV.   Discussion

a.   Statute of Limitations

The statute of limitations for claims based on real property is 15 years from the time the cause of action accrued. K.S.A. § 60-507. That period of time is extended for a person determined to be under a legal disability to 23 years. K.S.A. § 60-508. Section 508 states that if a person is incapacitated

> "at any time during the period the statute of limitations is running...such person shall be entitled to bring such action within two (2) years after the disability is removed; but no such action shall be maintained by or on behalf of any person under the disabilities specified after twenty-three (23) years from the time the cause of action shall have accrued." K.S.A. § 60-508(a).

The statute of limitations for claims based on tort is two years. K.S.A. § 60-513. A claim based on fraud begins to accrue when the fraud is discovered, when the cause of the action first causes substantial injury, or when the fact of injury is reasonably ascertainable. K.S.A. § § 60-513(a)(3); (b). The statute requires that a cause of action must be brought within 10 years of the act giving rise to the cause of action. K.S.A. § 60-513(b). The statute of limitations for tort actions for a person under a legal disability is "one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action." K.S.A. § 60-515(a).

Defendants argue that Plaintiffs' claims are based in tort, and

therefore the appropriate statute of limitations is two years, or eight years if Conger was under a legal disability. Plaintiffs disagree, arguing the claims are based on real property. "The mere fact an action pertains to real estate does not necessarily constitute it an action for the recovery of real estate." *Herthel v. Barth*, 148 Kan. 308, 81 P.2d 19, 21 (1938). In *Herthel*, the Court found that Barth's theory of the real property claim was based on fraud, and therefore the fraud statute of limitations controlled. *Id.* The Court stated:

> Where one has been fraudulently induced to give a quitclaim conveyance to his interest in real estate, and he brings an action to set aside the conveyance and for a recovery of his interest in the land, the first phase of such action is for relief on the ground of fraud, and such action must be begun in 2 years, and this rule governs although, if the relief on the ground of fraud is timely asked and obtained, the second phase of the action - to recover his interest in the property - may be commenced at any time within 15 years." *Id.*, quoting *Foy v. Greenwade*, 111 Kan. 111, 206 P. 332 (1922).

More recently, the Kansas Court of Appeals ruled that "to maintain an action for recovery of real property based on a conveyance of title perpetrated through fraud, a plaintiff must first nullify the fraudulent conveyance before attempting to recover the real property. The suit to nullify the fraudulent conveyance, however, must be brought within the appropriate time frame for such actions, *i.e.*, 2 years from the time the fraud was or should have been discovered." *Sutton v. Sutton*, 34 Kan.App.2d 357, 360, 118 P.3d 700 (2005).

Plaintiffs contend that *Sutton* does not apply as the case did not address mental incapacity, and that K.S.A. § 60-508 must control the statute of limitations. As set forth above, the Court must look past what is pleaded to determine the real issue. The Complaint alleges

-5-

four theories of recovery: (1) Recovery of real property; reformation and/or rescission; (2) fraud or negligent misrepresentation; (3) conversion; (4) negligent misrepresentation. Clearly the latter three claims are based on tort, although the subject matter at issue is real property. Thus, the claims are governed by the two year statute of limitations. The statute of repose is not helpful to Plaintiffs as it provides for a ten year limitation period. K.S.A. § 60-513(b). Finally, even if Conger was under a mental disability, he still had to bring the claims within eight years. K.S.A. § 60-515(a). Plaintiffs cannot simply allege the claims relate to real property to save the claims from statute of limitations for tort claims. Since the claims are clearly based on tort theories, the tort statute of limitations applies. Plaintiffs' claims for fraud or negligent misrepresentation, conversion, and negligent misrepresentation are dismissed as they are barred by the statute of limitations.

Plaintiffs' remaining claim requests recovery of real property and reformation or rescission of the deed. The complaint alleges that Conger was legally incapacitated at the time the deed was signed on August 30, 1991, that Defendants knew of Conger's mental and psychological impairment, his inability to comprehend the transfer of real estate, and that Defendants made false misrepresentations that legal action would be taken against Conger to induce him to transfer his property to the Defendants.

Although Plaintiffs allege *Sutton* is not applicable because the case did not discuss mental incapacity, the Court disagrees. In *Sutton*, the plaintiff sought recovery of real property, alleging the deed was invalid because she lacked mental capacity to execute the

-6-

deed, and also that her signature was procured by undue influence and misrepresentations. *Id.* at 359. The Court ruled, relying on *Foy*, that in an action for recovery of real property based on a fraudulent conveyance, the conveyance must be nullified before the party can recover or attempt to recover the real property. *Id.* at 360. Although the Court did not clearly address the plaintiff's allegation that the deed was executed while she lacked the required mental capacity, the Court concentrated on the underlying fraudulent deed transfer, and the statute of limitations that was controlled by the fraudulent transfer.

Further support for this position is found in the following article:

> "[A]n action is not brought to recover real property within the meaning of the statutes unless the plaintiff has some title, legal or equitable, to the land in question; the theory being that if he does not have any sort of title, but, on the contrary, has conveyed all title to another, his present right is merely that of appealing to a court to set aside his conveyance, and that until and unless such relief is granted he has no cause of action for the recovery of real property." *Action by One not in Possession of Land to Cancel Deed Upon Ground of Fraud as within Statute of Limitations applicable to Actions for Relief upon Ground of Fraud, or Statute Relating to Actions for Recovery of Real Property*, 118 A.L.R. 199.

In other words, a suit disputing the transfer of property by one who is not in possession of the property due to fraud, must first address the fraud before the action can address the real property. If an action seeks to set aside a deed obtained by fraud, even if it includes a claim for real estate, the statue of limitations for fraud controls. *Foy*, 206 P. at 334. In *Foy*, the Court found the plaintiff parted with his deed by fraud, his relief must be according to

statute, and the statute that controlled was the fraud statute. *Id.*
The Court ruled that because plaintiff transferred title, and no
longer had title, the real estate statute was not available to him.
*Id.* The Court stated,

> [I]t would be a considerable surprise to the profession to
> have it said that when one has been induced by fraud to
> convey his interest in land he may disregard his
> conveyance, disregard the statutory time for obtaining
> relief from the fraud practiced on him, and wait just as
> long to commence his action as if he had never made such
> conveyance and had never been subjected to any fraud. When
> a man has parted with his title through fraud, he must
> bestir himself to obtain relief therefrom, and he must do
> so within the time allowed. *Id.*

Further support for this position dates more than 100 years, when the
Kansas Supreme Court ruled that in an ejectment action, when the party
claimed the deed was fraudulently obtained, the action was based in
fraud, and the statute of limitations for fraud controlled. *New v.
Smith*, 86 Kan. 1, 119 P. 380, 382 (1911).

Plaintiff's real property claim, although requesting relief in
the form of a return of the property and cancellation of the deed, is
based in tort. Plaintiffs allege Conger was not of sound mind, which
was known by Defendants, who presented false information to him, and
made false representations of possible legal action if Conger did not
execute the deed. The statute of limitations for a tort claim is two
years so even if Conger was under a legal disability at the time the
deed was executed, Conger only had eight years following the time of
the execution or filing of the deed to bring the cause of action.
K.S.A. § 60-515(a). Since the deed was executed and filed in 1991,
and the claim was not filed until 2011, the action is barred by the
statute of limitations and statute of repose.

b.  Void Deed

Plaintiffs argue the deed is void as Conger was under a legal disability when it was executed.  In support of this position, Plaintiffs cite to *Jenkins v. Jenkins*, 94 Kan. 263, 146 P. 414 (1915). In *Jenkins*, the children of the deceased brought an action to set aside a deed that their father had executed while he was mentally incapacitated, alleging the beneficiary of the property, his wife, knew of the incapacitation.  *Id.* at 415.  The Court considered the statute of limitations in effect at the time, and ruled that the limitations period never ran in his lifetime since the deceased's disability was never removed.  *Id.* at 415-16.  The Supreme Court affirmed the trial court, allowing the deed to be set aside.  *Id.* at 416.

There are many stark contrasts in the *Jenkins* case when compared to this case.  First, at the time of the *Jenkins* case, Kansas statutes provided that any person who may be under a legal disability when the cause of action accrues may bring his action within a specified time after the disability is removed.  The Court determined the disability was never removed, so the statute did not run in Jenkin's life time. At the time, there was no statute of repose that abolished the cause of action after the passage of a period of time.  In this case, there is a statute of repose that limits the time in which a cause of action can be filed.  K.S.A. § 60-508.  Additionally, the plaintiffs in the *Jenkins* case did not allege fraud.  The Court had no reason to consider whether the tort statute of limitations controlled or the real property statute of limitations controlled.  The *Jenkins* action was simply a real property action, controlled by the statutes in

effect in 1915.

Plaintiffs also rely on *Cornell University v. Howard*, 170 Kan. 633, 228 P.2d 680 (1951), in which Howard executed and delivered a deed to Roach while Howard was mentally incompetent. *Id.* at 635-36. There was no consideration for the deed. Roach knew Howard was incompetent, and inserted the names of other individuals in the deed. *Id.* at 636. After the deed was materially altered, it was delivered by Roach, although Roach never had the authority to deliver the instrument. *Id.* The Court stated, "A deed executed by an insane person to one who has knowledge of the mental incapacity of the grantor and who gives no substantial consideration for the property is an absolute nullity. It does not operate to revoke a valid will previously made by the grantee to declare the deed to be void, although there has been no prior disaffirmance of the deed or a tender back of the nominal consideration paid by the grantee." *Id.*, citing *Bethany Hospital Co. v. Philippi*, 82 Kan. 64, 107 P. 530, Syl. 4 (1910).

Plaintiffs also rely on *Anderson v. Anderson,* 137 Kan. 833, 22 P.2d 471 (1933), another case in which the court found that the transfer of a deed from an insane person to one who is aware of the insanity is a void transfer. *Id.* at 474. Plaintiffs fails to recognize the difference between *Cornell University*, *Jenkins*, and *Anderson*. In the cases relied upon by Plaintiffs, there was no statute of repose for a person who was under a legal disability. In *Jenkins*, the Court stated, "any person who may be under a legal disability when the cause of action accrues may bring his action within a specified time after the disability is removed. Under the

petition, George Jenkins' disability was never removed, and therefore the statute did not run as to him in his lifetime." *Jenkins*, 146 P. at 415.   In *Anderson*, relied on by *Cornell University*, the Court stated, "no statute of limitations commences to run against the insane person.   So it may be said a deed procured under the circumstances stated is void, and devisees under the will of the insane person, made before the conveyance and while he was competent to make a will, are proper persons to bring an action to determine what appears to be an adverse interest created by the deed." *Anderson*, 22 P.2d at 474.

Kansas enacted K.S.A. § 60-508 and K.S.A. § 60-515 in 1963. Prior to the enactment of these statutes, Kansas did not have a statute of repose on claims brought by a person under a legal disability. Although the cases discussed the effect of a deed transferred by a person under a legal disability, the Courts did not have the statutory guidance which dictate the outcome of the case at hand.

Plaintiffs did not file the case prior to the running of the statute of limitations.   The cases cited by Plaintiffs are not applicable since they were decided prior to the statute of limitations and statute of repose that control this case.

c.   Amend Complaint

Plaintiffs request an opportunity to amend the complaint before the court enters a judgment of dismissal.   This request is denied as the complaint cannot be amended to avoid the bar of the statute of limitations.   Even if the statute of limitations was not a bar, Plaintiffs did not submit a proposed amended complaint as required by the local rules.   (D.Kan.R. 15.1).

V.   <u>Conclusion</u>

Defendants' Motion to Dismiss (Doc. 12) is GRANTED as the claims are barred by the statute of limitations.

Plaintiff's request to amend the complaint is DENIED, since an amendment will not cure the deficiencies of the complaint.

IT IS SO ORDERED.

Dated this 30th day of March 2012, at Wichita, Kansas.


 s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE